1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6

7    RAVON LOVOWE RAMSEY,                    Case No.  25-cv-00903-JSW
8                    Plaintiff,
                                             ORDER OF DISMISSAL WITH LEAVE
9            v.                              TO AMEND
10   J. JOHNSON, et al.,
11                  Defendants.

12                                  INTRODUCTION

13           Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42

14   U.S.C. § 1983 against two correctional officers at Salinas Valley State Prison ("SVSP").  He is

15   granted leave to proceed in forma pauperis in a separate order.  For the reasons discussed below,

16   the complaint is DISMISSED with leave to amend.

17                                     ANALYSIS

18   A.    STANDARD OF REVIEW

19           Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

22   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

23   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

24   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

25   Cir. 1990).

26           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

United States District Court
Northern District of California

1    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

4    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8    **B.    LEGAL CLAIMS**

9            Plaintiff alleges in May 2017 he told Defendants he had concerns about being attacked by

10    other inmates if he was housed at SVSP because he had been attacked by an inmate there in 2013.

11    He alleges Defendants nonetheless housed him at SVSP after noting Plaintiff's former assailant

12    was no longer there and ignoring Plaintiff's concern that other SVSP inmates might attack him.

13    Approximately two and half years later, on October 23, 2019, two inmates at SVSP assaulted and

14    seriously injured him.

15            The statute of limitations for Plaintiff's claims is two years.  *See Maldonado v. Harris*, 370

16    F.3d 945, 954 (9th Cir. 2004) (the two-year statute of limitations set forth at California Civil

17    Procedure Code § 335.1 is the applicable statute in § 1983 actions brought by California

18    prisoners).  If he was continuously incarcerated since his claims accrued, the limitations period

19    was tolled under for a maximum of two years. *Fink*, 192 F.3d at 916 (a maximum of two years of

20    tolling due to imprisonment under Cal. Civ. Proc. Code § 352.1(a) for civil rights claims under

21    Section 1983).  This allowed Plaintiff a maximum of four years to bring his claim from the date he

22    learned of it. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (a claim generally

23    accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

24    action).

25            There are two doctrines which may, in limited circumstances apply to extend the

26    limitations period on equitable grounds – equitable tolling and equitable estoppel. *Lukovsky v.*

27    *San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  Where the danger of prejudice to the

28    defendant is absent, and the interests of justice so require, equitable tolling of the limitations

United States District Court
Northern District of California

2

period may be appropriate.  *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009) (because we borrow California's statute of limitations, we also apply California's equitable tolling rules).  Equitable estoppel, on the other hand, requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky*, 535 F.3d at 1052 (quoting *Honig v. San Francisco Planning Dep't.*, 127 Cal. App. 4th 520, 529 (2005)).

The statute of limitations is an affirmative defense that may not be raised by the court sua sponte.  *See Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990).  But it may be grounds for sua sponte dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *see also Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (a court may grant a motion to dismiss based on the running of the statute of limitations "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").  Before dismissing the action, a court should give a pro se plaintiff, an opportunity to allege facts defeating the statute-of-limitations defense.  *See Sharkey*, 778 F.3d at 768.

The allegations in the complaint, even when liberally construed in Plaintiff's favor, indicate his claims are untimely.  His allegations indicate he learned of his claimed injury in May 2017, when Defendants allegedly assigned him to be housed among inmates who threatened his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (a prisoner need not wait until he is assaulted or harmed to state an Eighth Amendment claim against prison officials for being deliberately indifferent to his safety needs).  Although he alleges he was not physically assaulted until 2019, the legally-claimed injury was his placement in danger, which allegedly began in May 2017.  Thus, based upon the facts alleged, Plaintiff's claims against Defendants for failing to

3

protect him accrued when he was allegedly in danger, i.e. in May 2017.  He did not file the instant

action until January 2025, over seven and a half years later.  There are no facts alleged that support

a plausible argument for equitable tolling.  Consequently, as alleged, his claims must be dismissed

as untimely.  He will be given leave to amend to allege facts that, when liberally construed,

support reasonable inferences that his claims are timely.

**CONCLUSION**

1.    The complaint is DISMISSED with leave to amend.

2.    Plaintiff shall file an amended complaint on or before **March 5, 2025**.  The

amended complaint **must** include the caption and civil case number used in this order (No. C 25-

0903 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the

first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the

original by reference; she must include in his amended complaint all the claims he wishes to

pursue.  <u>Failure to amend within the designated time and in accordance with this order will result</u>

<u>in the dismissal of this case.</u>

2.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address."  She also must comply with the Court's orders in a timely fashion, although

she may request an extension of time provided it is accompanied by a showing of good cause and

it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal

of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 3, 2025

_____
JEFFREY S. WHITE
United States District Judge