UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVON LOVOWE RAMSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>L. PENNISI, et al.,<br><br>    Defendants. | Case No. 25-cv-00903-JSW<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against two correctional officers at Salinas Valley State Prison ("SVSP"). Because it was clear from the face of the complaint that his claims are untimely, the complaint was dismissed. Plaintiff was granted leave to file an amended complaint to allege facts that support a reasonable inference of timeliness. Plaintiff has filed a timely amended complaint that does not do so for the reasons discussed below. Therefore, the complaint is DISMISSED.

## ANALYSIS

A. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

The amended complaint alleges the same essential facts underlying Plaintiff's claim, which the Court summarized as follows:

> Plaintiff alleges in May 2017 he told Defendants he had concerns about being attacked by other inmates if he was housed at SVSP because he had been attacked by an inmate there in 2013. He alleges Defendants nonetheless housed him at SVSP after noting Plaintiff's former assailant was no longer there and ignoring Plaintiff's concern that other SVSP inmates might attack him. Approximately two and half years later, on October 23, 2019, two inmates at SVSP assaulted and seriously injured him.

The Court explained why these allegations rendered the untimeliness of his claims "complete and obvious" on the face of the complaint:

> The statute of limitations for Plaintiff's claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (the two-year statute of limitations set forth at California Civil Procedure Code § 335.1 is the applicable statute in § 1983 actions brought by California prisoners). If he was continuously incarcerated since his claims accrued, the limitations period was tolled under for a maximum of two years. *Fink*, 192 F.3d at 916 (a maximum of two years of tolling due to imprisonment under Cal. Civ. Proc. Code § 352.1(a) for civil rights claims under Section 1983). This allowed Plaintiff a maximum of four years to bring his claim from the date he learned of it. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action).
>
> There are two doctrines which may, in limited circumstances apply to extend the limitations period on equitable grounds – equitable tolling and equitable estoppel. *Lukovsky v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). Where the danger of prejudice

2

to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009) (because we borrow California's statute of limitations, we also apply California's equitable tolling rules). Equitable estoppel, on the other hand, requires that:

(1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky*, 535 F.3d at 1052 (quoting *Honig v. San Francisco Planning Dep't.*, 127 Cal. App. 4th 520, 529 (2005)).

The statute of limitations is an affirmative defense that may not be raised by the court sua sponte. *See Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). But it may be grounds for sua sponte dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *see also Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (a court may grant a motion to dismiss based on the running of the statute of limitations "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). Before dismissing the action, a court should give a pro se plaintiff, an opportunity to allege facts defeating the statute-of-limitations defense. *See Sharkey*, 778 F.3d at 768.

The allegations in the complaint, even when liberally construed in Plaintiff's favor, indicate his claims are untimely. His allegations indicate he learned of his claimed injury in May 2017, when Defendants allegedly assigned him to be housed among inmates who threatened his safety. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (a prisoner need not wait until he is assaulted or harmed to state an Eighth Amendment claim against prison officials for being deliberately indifferent to his safety needs). Although he alleges he was not physically assaulted until 2019, the legally-claimed injury was his placement in danger, which allegedly began in May 2017. Thus, based upon the facts alleged, Plaintiff's claims against Defendants for failing to protect him accrued when he was allegedly in danger, i.e. in May 2017. He did not file the instant action until January 2025, over seven and a half years later. There are no facts alleged that support a plausible argument for equitable tolling.

In the amended complaint, Plaintiff argues his complaint is timely because he had previously brought his claims in two cases filed in the Eastern District of California, *Ramsey v. CDCR, et al.*, No. 2:21-cv-00535 KJN P (E.D. Cal.), and *Ramsey v. CDCR, et al.*, No. 2:20-cv-

3

01359-TLN-CKD (E.D. Cal.). The first of these two cases (No. 2:20-cv-01359-TLN-CKD) was filed on July 7, 2020, and dismissed on December 8, 2020, without prejudice for failure to exhaust. The dismissal order and judgment were served on Plaintiff the same day. Plaintiff filed the second case (No. 2:21-cv-00535 KJN P) on March 23, 2021, and it was transferred to this Court on July 6, 2021. Plaintiff was served the transfer order on July 9, 2021.[1] The case was opened in this Court as case number C 21-05047 JSW (PR), and it was dismissed for failure to state a claim on July 8, 2021.[2] Service of the dismissal order and judgment upon Plaintiff was attempted twice, on July 8 and 26, 2021, at the address he provided in his complaint, but the mail was returned as undeliverable on both occasions.

Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). Defendants were not served with Plaintiff's lawsuit either by the Marshal as they were dismissed at the screening stage, and Plaintiff does not indicate he served Defendants or otherwise notified them of his claims. Consequently, the record does not show timely notice to Defendants of his prior lawsuits.

Even if such notice was provided, Plaintiff has not shown good faith and reasonable conduct in waiting to file the instant case. Plaintiff asserts the Clerk of the Eastern District of California "did not notify or forwarded [sic] the second instant action civil suit claim against the defendants to the correct hearing court (U.S. District Court in the Northern District of California)." In fact, the docket and orders from Plaintiff's second case show that the Clerk of the Eastern District *did* transfer the case to this Court and did notify Plaintiff of the transfer by twice serving

---

[1] He was initially served the transfer order on June 25, 2021, the date the order was issued, but the mail was returned as undeliverable. He was re-served the transfer order on July 9, 2021, and that mail was not returned.

[2] The Court dismissed Plaintiff's claims for injunctive relief. The Court does not conclude, at this stage, the instant claims are barred by res judicata because here he seeks damages.

him the transfer order, the latter of which was not returned as undeliverable. If Plaintiff nonetheless did not receive the order, he does not explain why he did not contact the Eastern District sooner. He makes a general reference to "inquiries" and "requests" about the failure to transfer the case to this court. He does not indicate when he made such inquiries or what response he received, but had he made them he would have learned the case was in fact transferred. Plaintiff states he has been in "the mental health program" since he was assaulted in 2019, tried to commit suicide, and is a pro se litigant. He does not provide any details about his care or condition that explain why he could not inquire about the status of his case or file the instant case sooner. Indeed, he alleges he has been receiving mental health care since 2019; in that time, he was able to file at least two pro se cases in the Eastern District in 2020 and 2021. The filing of the instant action indicates that at some stage, Plaintiff learned his cases were no longer pending, but he does not indicate when that occurred. He waited over three years to file his first case about his housing placement, Case No. 2:20-cv-01359-TLN-CKD — i.e. from May 2017, when he knew of the housing decision, and when he filed that case in July 2020. Then, approximately three and half years elapsed between the transfer and subsequent dismissal of his second case (Eastern District Case No. 2:21-cv-00535 KJN P) in July 2021, and the filing of this one. General references to mental health problems and being a pro se litigant are not sufficient to explain these lengthy delays or show good faith and reasonable diligence in filing the instant case. Therefore, the Court concludes the amended complaint, on its face, does not present grounds for equitable tolling. In addition, facts are alleged suggesting Defendants engaged in conduct that would give rise to equitable estoppel of the limitations period.

Because the untimeliness of the claims is "complete and obvious" on the face of the amended complaint, this case will be dismissed as untimely.

To whatever extent Plaintiff would like to pursue his damages claims, he may seek reconsideration of the dismissal or permission to file a late appeal in *Ramsey v. CDCR*, No. 21-5047 JSW (PR), by filing a motion for such relief in that case.[3]

---

[3] Motions for reconsideration after judgment fall under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). The deadline for a motion under Rule 59 has passed, so he

5

**CONCLUSION**

For the reasons explained above, the instant case is DIMISSED without leave to amend. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 27, 2025

_____
JEFFREY S. WHITE
United States District Judge

---

may only seek reconsideration under Rule 60(b).

6